*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

MELISSA ANN WEST,

        Defendant-Appellant.

UNPUBLISHED
July 30, 2019

No. 342284
Macomb Circuit Court
LC No. 2017-000488-FC

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

MELISSA ANN WEST,

        Defendant-Appellant.

No. 343853
Macomb Circuit Court
LC No. 2017-000490-FH

Before: TUKEL, P.J., and JANSEN and RIORDAN, JJ.

JANSEN, J. (*concurring in part and dissenting in part*).

I agree with the majority that in Docket No. 342284 and in Docket No. 343853, remand for resentencing is required where the trial court may not impose consecutive sentences without specifying the statutory authority relied upon in doing so, and furthermore, without articulating its rationale.

However, in Docket No. 342284, I believe defendant is also entitled to resentencing on her felonious assault convictions where the trial court's reasoning for departing from the minimum sentencing guidelines range does not comport with the principle of proportionality articulated in *People v Milbourn*, 435 Mich 630, 636; 461 NW2d 1 (1990). On that basis, I respectfully dissent.

In this case, the trial court's reasons for departure do not demonstrate that defendant's five-year minimum sentences qualify as proportionate under *Milbourn*, and are therefore reasonable under *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015). This Court's first inquiry in the reasonableness review is whether there are "circumstances that are not adequately embodied within the variables used to score the guidelines." *Milbourn*, 435 Mich at 659-660. In my view, of the reasons discussed by the trial court, only one, without more explanation, provided a reasonable ground for a departure—that defendant's conduct was "egregiously dangerous," which relates to the seriousness of the offense. The other three reasons—the impact that defendant's actions had on the victims, that she imperiled the victims, and that she discharged a weapon at an occupied dwelling—involve factors that were accounted for in the scoring of the sentencing guidelines, and the trial court did not provide an adequate explanation for why these factors were given inadequate weight. See *id.* at 659.

Specifically, the trial court stated that defendant "imperiled" the three children and two adults who were inside the trailer, and had recklessly discharged a firearm at the trailer knowing they were inside. However, as a result of defendant's conduct in this regard, defendant was assessed 10 points under OV 9, MCL 777.39, because "[t]here were 2 to 9 victims who were placed in danger of physical injury or death." MCL 777.39(1)(c). Regarding defendant's aggravated use of a weapon, she was assessed the maximum of 25 points under OV 1, MCL 777.31, because "[a] firearm was discharged at or toward a human being . . . ." MCL 777.31(1)(a). She was also assessed five points under OV 2, MCL 777.32, because she "used a pistol, rifle, shotgun . . . ." MCL 777.32(1)(d). Also, the trial court observed that defendant's behavior "was terrifying" to the victims and it stated that it could understand "how they are terrified[.]" As frightening and impactful as this incident may have been, however, OV 4, MCL 777.34, was scored to reflect that impact. Defendant was assessed 10 points under OV 4 because "[s]erious psychological injury requiring professional treatment occurred to a victim." MCL 777.34(1)(a). I believe that the trial court's remarks do not explain why inadequate weight was given to these four variables, which embody the circumstances raised by the court.

In sum, I would conclude that three of the reasons for departure from the guidelines range articulated by the trial court (i.e., imperiled the victims, discharged a weapon, and the impact on the victims) were accounted for in the scoring of the guidelines. Moreover, without additional explanation for why the guidelines did not adequately account for these factors, the trial court's reliance on these factors did not justify imposing a 24-month departure sentence. It is unclear from the trial court's remaining articulated reason whether the court would have departed solely on that basis. Further, even if some departure was warranted, the trial court did not adequately provide its reasoning for the extent of the departure imposed. Accordingly, I would conclude that the trial court abused its discretion by applying the principle of proportionality without articulating adequate reasons for the extent of the departure sentences imposed. *People v Steanhouse*, 500 Mich 453, 476; 902 NW2d 327 (2017).

Finally, I would note the trial court also indicated at sentencing:

I also think that you're very lucky that the prosecution didn't charge you with the crime of intentional discharge of a firearm at a dwelling or occupied structure. That seemed to be a no-brainer. It's a 10-year offense. With the habitual 3rd, that would make it a 30-year offense. Right now, you're convicted of an eight-year

offense. The elements of that crime are that you discharged a firearm into a potentially occupied structure. This is a case in which you knew that the structure was occupied and you did so in a reckless disregard for the safety of any individual therein. The guidelines, had you been convicted of that, would have been 34 to 83 months.

In my view, the trial court's statement on the record indicates that he may have considered an uncharged offense in imposing defendant's sentence. However, the trial court should not substitute its judgment for that of the prosecution, particularly during sentencing. The prosecutor's discretion to not charge defendant with a particular crime is not an appropriate sentencing consideration by the trial court.

Based on the foregoing, I would vacate defendant's sentences for felonious assault and remand for resentencing.

/s/ Kathleen Jansen